UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHICORA D. BENNETT,

    Plaintiff,

v.                                        Case No.  5:22-cv-128-MW-MJF

CORRINE CLARK, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Despite the undersigned affording Plaintiff an opportunity to supplement and clarify her allegations in an amended complaint, Plaintiff's first amended complaint is still a so-called "shotgun" pleading that violates Rule 8(a)(2) of the Federal Rules of Civil Procedure. Because Plaintiff failed to comply with the undersigned's order and her amended complaint violates Rule 8(a)(2), the District Court should dismiss this civil action without prejudice.

### I. BACKGROUND

On June 24, 2022, Plaintiff commenced this action and asserted approximately seventeen claims against thirteen individuals. Doc. 1 at 3, 7. Because Plaintiff's complaint violated the Federal Rules of Civil Procedure, the undersigned ordered Plaintiff to correct the deficiencies by filing an amended complaint. Doc. 4. The undersigned explained to Plaintiff that her complaint was a "shotgun" pleading

and provided Plaintiff instructions on how to correct the identified deficiencies. *Id.* at 2–6. The undersigned warned Plaintiff that her failure to correct the deficiencies likely would result in dismissal of this action for failure to comply with the Federal Rules of Civil Procedure and failure to comply with an order of the court. *Id.* at 7.

Plaintiff timely submitted her first amended complaint. Doc. 5. She now is suing only twelve Defendants—all of whom are related in some capacity to her criminal prosecution in state court and the removal of her children from her custody—in their individual and official capacities. *Id.* at 10. It appears that Plaintiff is asserting, *at minimum*, the following seventeen claims: (1) fraud; (2) "Abuse of Process"; (3) invasion of privacy[1]; (4) tortious interference with the parent-child relationship; (5) malicious prosecution[2]; (6) false imprisonment[3]; (7) defamation and slander[4]; (8) violation of the First Amendment's protection of freedom of speech; (9) a violation of the Fourth Amendment's prohibition of unreasonable searches and

---

[1] It is unclear whether Plaintiff is asserting this claim under the United States Constitution or Florida law. Plaintiff fails to identify the facts that purportedly support this claim.

[2] It is unclear whether Plaintiff is asserting this as a malicious-prosecution claim under the Fourth Amendment or Florida law.

[3] It is unclear whether Plaintiff is asserting this as a false-imprisonment claim under the Fourth Amendment or Florida Law.

[4] It is unclear whether Plaintiff is asserting this claim as a "due process plus" claim under the Fourteenth Amendment or a claim for defamation under Florida law.

seizures; (10) an equal-protection claim under the Fourteenth Amendment; (11) fraudulent misrepresentation; (12) severe emotional distress[5]; (13) loss of consortium; (14) kidnapping; (15) conspiracy under 42 U.S.C. § 1985; (16) conspiracy under Title 18 of the U.S. Code[6]; and (17) "Deprivation of Rights under the Color of Law." *Id.* at 1, 3, 19–20.

## II. DISCUSSION

**A.   Standard Governing "Shotgun" Pleadings**

A civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[5] Because Plaintiff does not identify the specific facts that support this claim, it is unclear whether Plaintiff is asserting a claim of intentional or negligent infliction of emotional distress.

[6] Plaintiff does not identify the chapter or section, but Title 18 is the criminal code. Title 18 includes multiple statutes that prohibit various types of conspiracies to violate federal laws. Regardless, a "private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *see McGinley v. Fla. Dep't of Highway Safety & Motor Vehicles*, 438 F. App'x 754, 756–57 (11th Cir. 2011).

"A so-called 'shotgun pleading' is a complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Toth v. Antonacci*, 788 F. App'x 688, 690 (11th Cir. 2019) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). Shotgun pleadings "waste scarce judicial resources, 'inexorably broaden the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine the public's respect for the courts.'" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979–80 & n.54 (11th Cir. 2008)). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. As the Eleventh Circuit has stated, it "is not the proper function of courts in this Circuit to parse out such incomprehensible allegations." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1355 n.6 (11th Cir. 2018)).

Although courts hold allegations of a *pro se* complaint to a less stringent standard than formal pleadings drafted by lawyers, courts may not "serve as de facto counsel for a party," or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). Additionally, a *pro se* litigant is still required to comply with the Federal Rules of

Civil Procedure, court orders, and local procedural rules. That is, "[a]lthough we construe [*pro se* allegations] liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings." *See Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (addressing a *pro se* litigant's shotgun pleading) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc.*, 878 F.3d at 1295 (quoting *Weiland*, 792 F.3d at 1320). However, a district court that receives a shotgun pleading must *sua sponte* give a plaintiff "one chance to replead before dismissing his case *with prejudice* on non-merits shotgun pleading grounds." *Id.* at 1296 (emphasis added); *Toth*, 788 F. App'x at 691. "In these cases, even if the parties do not request it, the district court 'should strike the complaint and instruct counsel to replead the case.'" *Vibe Micro, Inc.*, 878 F.3d at 1295 (quoting *Byrne*, 261 F.3d at 1133 n.113); *Est. of Bass*, 947 F.3d at 1358. If the party squanders its opportunity by filing another shotgun pleading, the district court nevertheless can dismiss the complaint. *Barmapov*, 986 F.3d at 1326; *Vibe Micro, Inc.*, 878 F.3d at 1295.

B.   **Plaintiff's Squandered Her Opportunity to File a Proper Complaint by Filing a Second "Shotgun" Pleading**

The Eleventh Circuit has identified four categories of impermissible shotgun pleadings. *Weiland*, 792 F.3d at 1321. The first, and the most common, "is a

complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* A second type of shotgun pleading is one that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

The undersigned previously explained to Plaintiff that her deficient complaint failed to give the District Court and the defendants adequate notice of Plaintiff's claims and the grounds upon which each claim rests. *Weiland*, 792 F.3d at 1323; *see* Doc. 4 at 2–6. The undersigned provided Plaintiff with specific instructions on how to correct these deficiencies. Doc. 4 at 2–4.

Despite being afforded an opportunity to correct these deficiencies, Plaintiff submitted a first amended complaint that still contains these defects. That is, she repeatedly states:

> [Plaintiff] re-allege[s] & re-pleads all of the allegations in ALL paragraphs of this complaint & incorporate them by reference . . . I would like this court to refer to ALL paragraphs which describe the events that took place & details of their actions, omissions, at all times relevant to this complaint.

Doc. 5 at 5, 19, 20 (errors in original).

Furthermore, Plaintiff asserts in her amended complaint *at least seventeen claims* against *twelve defendants*. Plaintiff does not identify which defendant(s) are

liable or being sued under each particular cause of action. *Id.* at 1, 3, 19–20. For example, Plaintiff's last identifiable claim—"Deprivation of Rights Under the Color of Law"—is incomprehensible due to the pleading deficiencies. Plaintiff fails to identify specifically what rights allegedly were violated and which defendant(s) allegedly violated these rights. Instead, she simply "re-allege[s] & re-pleads" all her prior allegations. Thus, this claim is a combination of the entire complaint. Plaintiff fails to meaningfully identify the basis of this claim and others. Federal law does not require district courts or defendants to wade through incomprehensible allegations in search of potentially viable claims. *Beckwith*, 146 F. App'x at 372 ("We do not require the district court, or the defendants to 'sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted.'") (quoting *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 n.9 (11th Cir. 2002)).

In short, Plaintiff failed to comply with the undersigned's order to amend her complaint and squandered her opportunity to file a complaint that complied with the Federal Rules of Civil Procedure. Therefore, dismissal of this civil action without prejudice is appropriate.

### III. Conclusion

Because Plaintiff did not comply with the undersigned's order to correct the pleading deficiencies, and because her amended complaint violates Rule 8(a) of the

Federal Rules of Civil Procedure, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** without prejudice this action as a so-called "shotgun" pleading and for failure to comply with a court order; and

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 27th day of December 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**